**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHELLE STRANGER,

    Plaintiff,

vs.                                                                                                      No. CIV-05-632 JB/WPL

CHECKER AUTO PARTS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Second Motion to Compel and Rule 36(a) Motion to Determine Sufficiency of Plaintiff's Objection to Request for Admission, filed March 9, 2006 (Doc. 39). The Court held a hearing on the motion on April 27, 2006. The primary issues are: (i) whether the Court should order Plaintiff Michelle Stranger to fully respond to Request for Production Nos. 1-6, Interrogatory Nos. 11-13, and Request for Production No. 17; and (ii) whether the Court should award Defendant Checker Auto Parts ("CSK") its attorney fees in bringing this motion. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court concludes that Stranger has not sufficiently responded to CSK's discovery and will grant the motion.

**FACTUAL BACKGROUND**

The Court has more fully discussed the factual and procedural background of this case in its opinion granting in large part CSK's First Motion to Compel. See Memorandum Opinion and Order, filed March 24, 2006 (Doc. 43). The Court incorporates that discussion herein by reference.

CSK represents that Stranger walked off her job with CSK on July 6, 2004. See Defendant's

Second Motion to Compel and Rule 36(A) Motion to Determine Sufficiently of Plaintiff's Objections to Requests for Admission ("Second Motion to Compel") ¶ 1, at 1. Stranger asserts that before her employment with CSK ended, CSK permitted her to be subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964. See Complaint for Sexual Harassment (Quid Pro Quo) ("Complaint") at 5, filed June 5, 2005 (Doc. 1). Stranger alleges damages of "emotional and mental pain and suffering . . . concomitant mental, emotional, financial, and physical damages." Id. at 5-6. Stranger also claims punitive damages. See id. at 6.

## PROCEDURAL BACKGROUND

CSK asserts that Stranger has not provided sufficient contact or treatment details on any mental healthcare provider that she saw either before or after the alleged harassment, and that as of January 30, 2006, Stranger's efforts at providing identification entailed only "direct[ing] CSK to search, essentially throughout the Four-Corners area for either a Sheri Mann or Jamie Bee"; Stranger indicated only that Mann was a "couple's therapist" and gave no indication of Bee's credentials. Second Motion to Compel ¶¶ 3-4, at 2.

CSK represents that, in an effort to confirm whether Stranger received actual care by a professional qualified to make differential diagnosis of mental health conditions or contributing causes, CSK searched on-line records for Colorado and New Mexico professional licensing, and sent its First Set of Requests for Admission and Second Set of Interrogatories and Requests for Production to Plaintiff in an effort to ascertain (Requests for Admission Nos. 1-6, Interrogatory Nos. 11-12, and Requests for Production Nos. 16-17): (i) the identify and scope of licensure of Mann and Bee; and (ii) life events associated with emotional distress.

In responses that CSK received on March 7, 2006, Stranger did not answer any of the

Requests for Admission or Interrogatories. See Plaintiffs' Responses to Defendant's First Set of Request For Admissions and Second Set Fo [sic] Interrogatories and Request for Production of Documents to Plaintiff at 1-5. Stranger objected to the Requests for Admission because: (i) they sought information that was not in Stranger's possession and that was equally accessible to CSK; (ii) Stranger is not required to and will not confirm the qualifications of third parties; and (iii) the Requests for Admission sought a legal conclusion that Stranger was not competent to give. See id. at 1-4. Concerning Interrogatory Nos. 11-12, Stranger answered that they were not applicable, and for Interrogatory No. 13, Stranger answered that it did not seek relevant information, that the information was not in Stranger's possession, and that the information was equally accessible by both parties. See id. at 4-5.

CSK represents that it has sought Stranger's voluntary commitment to withdraw the objections and answer each of these requests through: (i) an e-mail sent on March 6, 2006; (ii) a letter sent by facsimile transmission on March 7, 2006; (iii) several e-mails sent on March 7 and 8, 2006; (iv) a telephone conference on March 8, 2006; (v) another exchange of e-mails on March 8, 2006; and (vi) another exchange of e-mails on March 9, 2006. See Second Motion to Compel ¶ 9, at 4-5. Stranger's counsel, Dennis Montoya, has not agreed to the request. See id.

On March 8, the Court granted CSK's first Motion to Compel regarding other discovery disputes. See Memorandum Opinion and Order (Doc. 43). Discovery closed on April 7, 2006. See Initial Pretrial Report at 3, filed December 17, 2005 (Doc. 13).

CSK requests, pursuant to rules 26(a)(1), 36(a), and 37(a)(2)(B) of the Federal Rules of Civil Procedure, that the Court compel Stranger to respond to discovery requests regarding identity and qualifications of her purported mental healthcare providers, and details of other traumatic life events,

such as prior marriages that failed. See Second Motion to Compel at 1. Because Stranger maintains an opposition posture on these requests, CSK further requests that the Court now consider granting the same rule 37 sanctions that CSK requested in its first motion to compel. See id. at 5.

## RULES REGARDING DISCOVERY AND SANCTIONS

"A party may serve on any other party a written request for admission of the truth of any matters set forth in the request that relate to statements or opinions of fact, or of the application of law to fact." 7 J. Moore, Moore's Federal Practice ¶ 36.10, at 36-22 (3d ed. 2005)(citing Fed. R. Civ. Proc. 36(a)). One District Court has stated that "Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997)(citations omitted).

Because the purpose of Requests for Admissions "is to narrow or eliminate issues in a case, . . . each request for admissions must be direct, simple and limited to singular relevant facts, so that it can be admitted or denied without explanation." Caruso v. Coleman Co., No. 93-CV-67331995, U.S. Dist. LEXIS 7934, at *18 (E.D. Pa. 1995)(citations and internal quotations omitted). In responding to a request for admissions, a party must make "reasonable inquiry and secure such knowledge and information as are readily obtainable by him." Vinton v. Adam Aircraft Indus., 232 F.R.D. 650, 665 (D. Colo. 2005)(citing Advisory Committee Notes to 1970 Amendment for Fed. R. Civ. Proc. 36). A party "may not give lack of information or knowledge as a reason for failure to admit or deny unless [the party] has made such [reasonable] inquiry." T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. at 43 (citations omitted).

The Federal Rules of Civil Procedure also provide the standard governing sanctions in relation to a motion to compel. Rule 37(a)(4)(A) sets forth:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

"As a general rule, the imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court." Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999)(citations and internal quotations omitted). "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." Id. (citations and internal quotations omitted).

"Bad faith . . . is not required for a district court to sanction a party for discovery abuses. Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant." Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 671 (7th Cir. 1996)(citation omitted). See Coletti v. Cudd Pressure Control, 165 F.3d at 777 (finding district court did not abuse its discretion in not awarding sanctions where the record on its face evidenced no willful misconduct, bad faith, or fault)(citing Melendez v. Illinois Bell Tel. Co., 79 F.3d at 671). "District courts . . . may only impose sanctions that are 'just,' that is, proportionate to the circumstances surrounding a party's failure to comply with discovery rules." Melendez v. Illinois Bell Tel. Co., 79 F.3d at 672 (citation omitted).

## ANALYSIS

CSK's requests are relevant and discoverable in light of Stranger's claims. See <u>Bowen v. Parking Auth. of Camden</u>, 214 F.R.D. 188, 195-196 (D.N.J. 2003)(holding that claim of emotional distress in employment discrimination lawsuit permitted the defendant discovery concerning the plaintiff's psychiatric history); <u>Gladfelter v. Wal-Mart Stores, Inc.</u>, 162 F.R.D. 589, 590 (D. Neb. 1995)(holding that, when the plaintiff claimed emotional trauma as a result of the defendant's discrimination, the defendant was entitled to discovery on the plaintiff's deteriorating relationship with former girlfriend as other, significant source of the plaintiff's pain and suffering). Stranger's objections lack a basis in law. The objections do not seek legal conclusions.

Whether an individual holds a particular license is a factual issue. It is not a valid excuse to refuse to answer a request for admission that provides the evidence in question and asks Stranger to admit its existence. With CSK having specifically provided the Internet address at which Stranger could confirm the subject matter of the Request for Admission, Stranger should be able to obtain sufficient information to admit or deny CSK's request with minimal effort.

The point of a Request for Admission is not whether the propounding party has information, but whether the other party will put it to inordinate expense to prove such information at trial. Finally, if Stranger means to suggest that CSK is as capable as she is of identifying her own medical providers and/or spouses, the Court disagrees. Stranger's actions in refusing to answer are to CSK's continuing prejudice as it attempts to prepare for trial with the Court's deadlines.

**1.      Interrogatory No. 13.**

CSK has shown details of Stranger's past marriages to be discoverable insofar as they shed light on other sources of Stranger's emotional and mental pain and suffering. See <u>Gladfelter v. Wal-Mart Stores, Inc.</u>, 162 F.R.D. at 590. In her response to CSK's motion, Stranger does not address

the dispute concerning Interrogatory No. 13.  Because the Court finds that it seeks relevant information, and because Stranger has not responded, the Court will order Stranger to fully respond to Interrogatory No. 13.  Stranger will list all of the information that she knows for Interrogatory No. 13, and provide any documents that are in her possession in connection with Interrogatory No. 13.  She is not required to independently search public records for the information.

### 2.     Request for Admission Nos. 1-6.

By rule 36 requests, CSK properly sought to establish whether there is a material dispute regarding the nature and extent of Stranger's mental healthcare – a topic on which Stranger has made allegations, but has not provided evidence.  While first alleging, then disclaiming, and now renewing claims of medical treatment, Stranger has not provided contact information for her "therapists" – "Sheri Mann" and "Jaime Bee."  Thus, CSK independently sought identifying information – addresses, telephone numbers, and practice areas – for these persons that Stranger was obligated to give.

CSK requests that Stranger confirm whether the Sherry Mann they discovered is the same person as the Sheri Mann that Stranger alleges treated her.  CSK also requests that Stranger confirm the scope of licensure for Sheri Mann and Jamie Bee's practice.  The Court concludes that, given the history of this case and given CSK's difficulty of trying to ascertain who gave Stranger medical or therapeutic assistance in the past, and in the context of this case, these requests for admissions are appropriate.

The Court does not believe that Stranger's objections to the requests are appropriate, and the Court will therefore overrule the objections.  Stranger will either admit or deny, or she can set forth in detail the reasons why she cannot truthfully admit or deny the matter.  And if she is going to rely

upon lack of information or knowledge as an objection, then she is going to have to attest that she has made a reasonable inquiry and that information is not readily obtainable. Stranger will need to call and make an inquiry whether the Sherry Mann that CSK has identified is in fact the same Sheri Mann from whom she received medical treatment.

The Court will also require Stranger to fully respond to Interrogatory Nos. 11 and 12 and Request for Production No. 17 as they relate to the Court's above ruling. Stranger needs to search her files with due diligence for any such documents. And if Stranger confirms that the person CSK has identified is the same Sheri Mann, she will need to provide a release, or obtain the documents from Mann herself and turn them over to CSK.

### 3. Attorneys Fees & Sanctions.

Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will award attorneys fees. Stranger will pay CSK the cost of its attorney fees for preparing the motion to compel and the reply brief, as well as the costs incurred in preparing for and attending the hearing. Although Stranger may not have been acting in bad faith, the Court concludes that Stranger's inadequate responses are not substantially justified, and the Court believes that an award of expenses in this situation is just.

**IT IS ORDERED** that the Defendant's Second Motion to Compel and Rule 36(a) Motion to Determine Sufficiency of Plaintiff's Objections to Requests for Admission is granted. The Plaintiff shall provide complete answers and produce all documents responsive to the Requests for Admission, Interrogatories, and Requests for Production of Documents. The Plaintiff shall reimburse CSK's attorney's fees incurred in briefing and arguing this motion.

                                        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho and Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Trent A. Howell
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

Kimberly Dempster Neilio
Holland & Hart, LLP
Denver, Colorado

    *Attorneys for the Defendant*